**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

KEYON RONALD HARLING,
    *Plaintiff,*

    v.

AMERICA'S REALTY, LLC,
    *Defendant.*

Case No. 25-cv-2631-ABA

**MEMORANDUM OPINION**

Self-represented Plaintiff Keyon Ronald Harling is suing Defendant America's Realty, LLC under 42 U.S.C. § 1983 in connection with a shooting at a mall owned by Defendant at which Mr. Harling was severely injured. Defendant has filed a motion to dismiss for failure to state a claim and lack of jurisdiction. For the reasons explained below, the Court will grant Defendant's motion and close this case.

## I.    BACKGROUND[1]

In his complaint, Mr. Harling details being shot multiple times outside of the Iverson Mall (the "Mall"). ECF No. 1-1 ¶ 7. As a result of the shooting, Mr. Harling underwent multiple surgeries to his stomach and leg, which was ultimately amputated. *Id*. Mr. Harling asserts in the complaint that "[i]t was the [D]efendant's fault" that he was shot, *id*. ¶ 8, because Defendant owned the Mall and there was inadequate security at the entrance. *Id*. ¶¶ 9—10, 14. Mr. Harling claims that, "[a]s a direct result of [D]efendant's gross negligence [he] suffered the loss of one of [his] legs," and suffers

---

[1] Because the case is at the pleading stage, the Court will assume the truth of Mr. Harling's allegations. *See Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 997 F.3d 149, 154—55 (4th Cir. 2021).

permanent pain as a result. *Id.* ¶¶ 12—13. He asserts claims under both state law (negligence) and federal law (42 U.S.C. § 1983) and requests $9 million in compensatory damages. *Id.* at 3.

Mr. Harling filed his complaint in August 2025. Defendant filed a motion to dismiss, arguing that the complaint fails to state a claim and that the Court lacks subject matter jurisdiction. ECF No. 5-1 at 1—2. These issues have been fully briefed. ECF Nos. 9 & 10.

## II.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails to "state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007). The pleadings must contain sufficient factual allegations to state a facially plausible claim for relief. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When considering such a motion, the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

When a party files a "motion to dismiss based on lack of subject matter jurisdiction pursuant to" Rule 12(b)(1) of the Federal Rules of Civil Procedure, at issue is

"whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). A plaintiff is "'afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration'" when a defendant makes a "facial challenge to subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Therefore, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

## III.    DISCUSSION

### A.    Section 1983

The Court will first address Mr. Harling's federal claim. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To have acted under color of state law in a § 1983 action, the defendant must have "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). A plaintiff may not sue a purely private party under § 1983 unless the private party acts with such a "close nexus" to the state that it "may fairly be said to be a state actor." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quotations and citations omitted); *see also Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 161, 171 (D. Md. 2024) (dismissing § 1983 claims where "Plaintiffs fail[ed] to adequately allege government action").

Applying this standard, Mr. Harling has failed to state a cognizable § 1983 claim. Mr. Harling makes no assertion that Defendant was acting under color of state law in its alleged failure to prevent Mr. Harling's injury, or at any other time. *See* ECF No. 1-1 at ¶¶ 8—14. Mr. Harling has also pled no factual allegations indicating the Defendant acted with a "close nexus" to the state. In the absence of any allegation that Defendant acted under color of state law, Mr. Harling's § 1983 claim will be dismissed.

None of Mr. Harling's arguments to the contrary are persuasive. In his opposition brief, Mr. Harling asserts the legitimacy of his § 1983 claim without addressing Defendant's status as a state actor, reiterating instead the complaint's allegations that he was severely injured and that Defendant was at fault. ECF No. 9 at 3—4. But Mr. Harling has not alleged facts showing that Defendant is anything other than a private entity. He contends that Defendant "violated his rights under the United States Constitution," *id*. at 4, but this contention alone cannot support a claim against a private party under § 1983 without allegations of state action.

While the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that this Court may ignore a clear failure to state a claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even in reading the complaint and opposition with deference to Mr. Harling, and accepting all of the allegations in his complaint as true, his § 1983 claim cannot proceed because he has not pled any connection between Defendant and the government.

## B.    Negligence

Instead of (or in addition to) his § 1983 claim, it appears that Mr. Harling may have intended to assert a claim of negligence. His complaint refers to Defendant's

4

alleged "gross negligence" and asserts that "Defendant owed its customers a standard of security within . . . the [M]all." ECF No. 1-1 at ¶¶ 12–13. Even if the Court were to liberally construe Mr. Harling's complaint to be stating a claim for negligence, there is no basis for federal jurisdiction over such a claim.

Federal courts have limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, federal courts have original jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction where no defendant may be a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. The Court has "an independent obligation to determine" the existence of subject-matter jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Here, the Court has no basis to exercise federal jurisdiction over a negligence claim, to the extent Mr. Harling intended to plead one. Claims that arise under state law cannot be brought in this Court based on federal question jurisdiction. *Anpu El v. Walker Mews Apartments*, Case No. 21-cv-1504-ELH, 2021 WL 2936280, at *3 (D. Md. July 13, 2021). Negligence is "a matter of state law." *Davis v. PrimeCare Med., Inc.*, Case No. 18-cv-229-PWG, 2019 WL 763962, at *2 (D. Md. Feb. 21, 2019). Because federal question jurisdiction is lacking, the Court would need to have diversity jurisdiction to consider the negligence claim. Diversity jurisdiction provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . between citizens of different states." 28 U.S.C. §

1332(a)(1). The complaint does not allege diversity of citizenship, but instead states that both parties are residents of Maryland. ECF No. 1-1 at ¶ 1—2. The Court does not have jurisdiction based on diversity of citizenship either.

Accordingly, even if the Court were to construe Mr. Harling as bringing a negligence claim instead of a § 1983 claim, that claim would be dismissed as well for lack of jurisdiction.

## IV.   CONCLUSION

For the reasons stated above, the Court will grant Defendant's motion to dismiss and close this case. A separate order follows.

Date:  April 23, 2026

_____/s/_____
Adam B. Abelson
United States District Judge